**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRANCIS HOWLAN,**

                    **Plaintiff,**

  vs.                                           6:10-CV-1094
                                                           (MAD/ATB)

**HIRERIGHT SOLUTIONS, INC. USIS COMMERCIAL**
**SERVICES, INC. and DAC CONSUMERS, INC.,**

                    **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

FRANCIS HOWLAN
228 Lampman Road
Broadalbin, New York 12025
*Plaintiff Pro Se*

BOND, SCHOENECK & KING, PLLC      Jonathan B. Fellows, Esq.
One Lincoln Center
Syracuse, New York 13202
*Attorneys for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      On August 11, 2010, plaintiff Francis Howlan ("plaintiff") commenced this action in New York State Supreme Court, County of Fulton. Plaintiff, who was represented by counsel at the time the complaint was filed, asserted two causes of action: negligence and libel. On September 13, 2010, defendants removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Presently before the Court is defendants' motion for summary judgment.

---

[1] On February 25, 2011, the Court was advised that plaintiff would proceed *pro se.* (Dkt. No. 11).

**DISCUSSION**

**I.    APPLICABLE LOCAL RULES**

Before discussing the facts and background of this case, the Court must address the deficiencies in the parties' submissions. The Second Circuit requires that a *pro se* litigant defending against a summary judgment motion be notified as to the nature and consequences of summary judgment. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir.1999); *see also* Local Rule 56.2 (Notice to Pro Se Litigants of the Consequences of Failing to Respond to a Summary Judgment Motion).[2] Here, defendants failed to provide plaintiff with any notice and failed to meet the requirements of Local Rule 56.2. In support of the motion for summary judgment, defendants submitted a "Statement of Material Facts" pursuant to Local Rule 7.1(a)(3).[3] Plaintiff failed to respond to Defendant's Statement of Material Facts.

Despite these omissions, courts are flexible with their interpretation of the Local Rules to, "prevent the elevation of procedure over substance where the evidence submitted by the parties

---

[2] Local Rule 56.2 provides:

When moving for summary judgment against a pro se litigant, the moving party shall inform the pro se litigant of the consequences of failing to respond to the summary judgment motion. Counsel for the moving party shall send notice to the pro se litigant that a motion for summary judgment seeks dismissal of some or all of the claims or defenses asserted in their complaint or answer and that the pro se litigant's failure to respond to the motion may result in the Court entering judgment against the pro se litigant. Parties can obtain a sample notice from the Court's webpage at "www.nynd.uscourts.gov."

[3] Local Rule 7.1(a)(3) states:

The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute. Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.

2

has pointed to the existence of disputed material of facts". *Rivera v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 479, 483 (S.D.N.Y. 1993) (citations omitted). While both parties failed to comply with the applicable local rules, the Court has broad discretion to decide whether to overlook the parties' failures and perform an independent review of the record. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001); *see also Monahan v. City of N.Y. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000); *see also Cruz v. Church*, 2008 WL 4891165, at *3, n.4 (N.D.N.Y. 2008) (collecting cases) (the plaintiff was not so experienced at federal court litigation that the special leniency normally afforded to *pro se* litigants should have been diminished). If the district court chooses to conduct such an independent review of the record, any verified complaint filed by the plaintiff should be treated as an affidavit in opposing a motion for summary judgment. *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). Given plaintiff's *pro se* status and defendants' failure to comply with the Local Rules, this Court will, in its discretion, conduct such a review.

Upon review, the Court will accept defendants' Statement of Material Facts as true only to the extent that the facts are supported by evidence in the record. *See Orraca v. Pilatich*, 2008 WL 4443274, at *3 (N.D.N.Y. 2008); *see also N.Y. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005). Local Rule 7.1 expressly states, "The record, for purposes of the Statement of Material Facts, includes the pleadings, depositions, answers to interrogatories, admissions and affidavits." *See* N.D.N.Y.L.R. 7.1(a)(3).

**II.    BACKGROUND**

Hireright Solutions, Inc.[4] (defendant) engaged in the practice of assembling information for the purposes of furnishing reports to third parties.[5] Plaintiff claims that defendants selected, assembled and compiled information and published and distributed the information to the commercial trucking industry to apprise and inform the industry as to the "moral, physical and credibility [sic] of personnel in the labor market". Plaintiff claims that from 2001 through April 2010, defendant published and distributed false and malicious information relating to plaintiff. In the complaint, plaintiff claims:

> That said false and defamatory statement was published by the defendants that the plaintiff Francis Howlan, date of birth June 19, 1955 committed criminal transgressions in various counties of New York State among other false and malicious publications indicated the plaintiff's name, date of birth and social security number matched the plaintiff as a sex offender.

Pl. Complt. at ¶12.

Plaintiff claims that from April 2010 through May 2011, he was denied employment with nine different companies due to Hireright's publication of his employment and criminal/sexual offense.

In support of the motion for summary judgment, defendants provided a declaration from Jerri McCraw, a Compliance and Litigation Support Associate employed by Hireright. McCraw's declaration was prepared, "on the basis of my knowledge of Hireright's practices, on the basis of the review of documents maintained by Hireright with respect to plaintiff". Exhibits attached to the Declaration include the following:

---

[4] In the moving papers, defendants refer to Hireright as HireRight. However, the Court will reference the parties as they are named in the complaint.

[5] Defendants assert that Hireright was formerly known as USIS Commerical Services, Inc. Defendants further assert that DAC Consumers, Inc. is not a legal entity.

- a letter date April 5, 2010 to plaintiff regarding "information that [plaintiff] recently requested from Hireright". The letter is unsigned and was allegedly prepared by "Hireright Customer Service";
- a report entitled Drug/Alcohol Disclosure;
- a report entitled Transportation Employment History;
- a report entitled 20/20 Insight Criminal Records Database;
- a document entitled "A Summary of Your Rights Under the Fair Credit Reporting Act".

McCraw avers that Hireright provides, "pre-employment, background screening services for employer clients [ ] in compliance with the Fair Credit Reporting Act". McCraw states that on April 5, 2010, Hireright provided information to plaintiff in response to his File Disclosure request. That documentation included a Drug/Alcohol History Report, an Employee History report, and a Criminal Record Information report. McCraw states that the criminal records information report sent to plaintiff indicated that no convictions had been located with respect to plaintiff and that the report did not identify plaintiff as a sex offender. McCraw asserts, "I believe that Mr. Howlan may have misread another entry term which is used throughout the criminal history report, which states 'MATCH WAS MADE USING: SSN LAST NAME FIRST NAME (FRA)'". McCraw submits that the term was an indication of what data was used to identify plaintiff in the search of criminal records and not an indication that any criminal record was found. Indeed, Hireright asserts that a search for records in Fulton County, Montgomery County, the New York State Office of Court Administrations records and New York statewide search of sex offender records revealed "NO RECORD FOUND IN JURISDICTION SEARCHED". McCraw concludes, "[a]ccording to my review of Hireright's records, Hireright had not distributed any reports to third parties regarding Mr. Howlan since December 3, 2008".

Defendants move for summary judgment arguing that plaintiff's claims should be dismissed on the merits as the statute of limitations for an action for libel is one year. Defendants

5

argue that although plaintiff's first cause of action is denoted as one for negligence, the one year statute of limitations applies to all claims alleging injury to reputation. In the alternative, defendants argue that plaintiff's claims are subject to dismissal because defendants did not distribute any reports to third parties that identified plaintiff as a sex offender. Lastly, defendants assert that plaintiff's claims are pre-empted by the Fair Credit Reporting Act ("FCRA") and thus, plaintiff can only recover "as to false information furnished with malice or willful intent to injure".

### III.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258 (1986). A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the Court, viewing the evidence in the light most favorable to the nonmovant, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial. *See id*. If the nonmovant fails to carry this burden, summary judgment is appropriate. *See id*.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712,

716 (2d Cir. 1994). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen 'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

"[A] *pro se* litigant is entitled to 'special solicitude', a *pro se* litigant's submissions must be construed 'liberally,', and such submissions must be read to raise the strongest arguments that they 'suggest'". *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal citations omitted). Before a Court grants summary judgment, the non-movant "must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." *Kenific v. Oswego County*, 2010 WL 2977267, at *8 (N.D.N.Y. 2010) (citing *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (internal quotations omitted)). "Thus, summary judgment may be premature before an adequate opportunity for discovery." *Id.* (citing *Fowler v. Scores Holding Co., Inc.*, 677 F.Supp.2d 673, 677 n. 1 (S.D.N.Y. 2009)).

"[I]f the motion for summary judgment is not made and supported as provided in Rule 56, the Rule does not impose on the party opposing summary judgment an obligation to come forward with affidavits or other admissible evidence of his own." *St. Pierre v. Dyer*, 208 F.3d 394, 404 (2d Cir.2000) ("[a] motion for summary judgment may not properly be granted unless the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). If the statements in support of summary judgment are either argumentative in nature or lacking in specificity and personal

knowledge, the statements will not be considered to have the same effect of sworn testimony for purposes of a summary judgment motion. *Murray v. Palmer*, 2008 WL 2522324, at *3 (N.D.N.Y. 2008). Moreover, if the facts that movant asserts are either (i) not based on personal knowledge through an affidavit, deposition or documentary evidence, or (ii) "conclusory facts" which are not really facts at all, but rather conclusions of law, the statements, "will not be fatal to a civil action". *Rivera*, 152 F.R.D. at 484.

Summary judgment cannot be granted based solely on the self-serving affidavit of an officer of defendant who had not been deposed. *S.W.B. New England, Inc. v. R.A.B. Food Group, LLC*, 2007 WL 1753067, at *3 (S.D.N.Y. 2007) (the only evidence submitted to the Court in connection with the motion was the affidavits of the defendant's employees and the plaintiff had no opportunity to conduct any depositions before the defendant filed his motion).

Here, the Court is precluded from conducting any meaningful review of the merits or engaging in an analysis of defendants' motion because defendants have failed to meet their initial burden of proof on the motion for summary judgment pursuant to Rule 56. Defendants' motion is based solely upon the McCraw Affidavit and exhibits attached thereto. The motion is not supported by any other affidavits or deposition transcript and there is no evidence suggesting that plaintiff was in possession of the exhibits attached to McCraw's affidavit prior to the filing of the within motion. McCraw did not prepare the April 5, 2010 letter to plaintiff and while that letter was allegedly generated as a response to plaintiff's "File Disclosure Request", the record does not contain a copy of that request. McCraw does not aver to have any personal knowledge regarding the accumulation of plaintiff's background information nor does McCraw claim to have any personal knowledge regarding the dissemination or publication of that information.

McCraw's affidavit contains conclusions of law, which are inappropriate and inapplicable in the context of this motion. Notably, McCraw states, "I understand that this action was commenced on August 11, 2010, and that the statute of limitations in New York for a defamation claim is one year. According to my review of Hireright's records, Hireright had not distributed any reports to third parties regarding Mr. Howlan since December 3, 2008". This statement is unsupported by any documentary evidence. Defendants admittedly distributed reports regarding plaintiff to third parties. The sum and substance of the report and whether these disclosures were made during the statutory period or beyond is not an issue that may be resolved by McCraw's self-serving affidavit. McCraw's affidavit also contains inappropriate conclusory assertions regarding what McCraw "believes" plaintiff "misread".

On defendants' motion for summary judgment, the Court is obligated to resolve all ambiguities and draw all factual inferences in favor of plaintiff. *St. Pierre*, 208 F.3d at 405. Based upon the record, as it presently exists, and plaintiff's status as a *pro se* litigant, summary judgment is not warranted at this time. Defendant's motion for summary judgment is **DENIED**.

## CONCLUSION

Accordingly, it is hereby

**ORDERED**, that defendants' motion (Dkt. No. 12) for summary judgment and dismissal of plaintiff's complaint is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 21, 2011
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge